**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles E. NANCE, Defendant–**
**Appellant.**

**No. 01–5803.**

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2002.

Before: MOORE and GILMAN, Circuit
Judges; ROSEN, District Judge.*

### *ORDER*

Charles E. Nance appeals from his judgment of conviction and sentence. Counsel for both parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Nance pleaded guilty to conspiring to manufacture methampethamine in violation of 21 U.S.C. § 846. The district court sentenced Nance to 175 months of imprisonment and five years of supervised release, and the court imposed a $100 special assessment. In this timely appeal, Nance argues that the district court failed to articulate on the record the reasons for his sentence.

Upon review, we conclude that the district court properly set forth the reasons for Nance's sentence. Under 18 U.S.C. § 3553(c), the district court, at the time of sentencing, must state in open court its reasons for imposing the particular sentence. Factors for the court to consider in sentencing the defendant include: 1) the nature and circumstances of the offense; 2) the defendant's history and characteristics; and 3) the need for the sentence to reflect the seriousness of the offense and adequately deter criminal conduct. 18 U.S.C. § 3553(a). The sentencing court's failure to expressly explain the reasons for imposing a particular sentence is harmless error if the supporting reasons are evident on the overall record. *United States v. Kingsley,* 241 F.3d 828, 836 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 137, 151 L.Ed.2d 90 (2001). Further, since Nance did not object to the court's alleged failure to comply with the requirements of § 3553(c), this court reviews the district court's alleged omission for plain error. *Id.* at 835.

The district court did not commit plain error when it stated the reasons for Nance's sentence. Pursuant to a government motion under USSG § 5K1.1, the court reduced Nance's Sentencing Guidelines range by three levels, leaving Nance with a Total Offense Level of 28 and a Criminal History Category of VI. The resulting Guidelines range was 140 to 175 months of imprisonment, and the court sentenced Nance at the top of that range. In explaining its decision, the court noted that this sentence was warranted because of the extensive nature of Nance's prior criminal history and was sufficient to demonstrate the seriousness of his offense and the need to afford appropriate deterrence. This statement reflects the court's consideration of several factors set forth in § 3553(a) and meets the requirements of § 3553(c).

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

Accordingly, this court affirms the district court's judgment.